UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN TAYLOR, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-673 |
| | § | |
| TASER INTERNATIONAL, INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant TASER International, Inc.'s ("Taser") motion for leave to designate a responsible third party (Dkt. 22) and motion for leave to exceed page limits for its reply brief (Dkt. 29). Plaintiff Karen Taylor filed timely objections to the motion for leave to designate a responsible third party. Dkt. 26. Having considered the motions, objections, reply, evidentiary record, and applicable law, the court is of the opinion that Taser's motion for leave to designate a responsible third party (Dkt. 22) should be GRANTED, Taser's motion for leave to exceed page limits (Dkt. 29) should be GRANTED, and Taylor's objections to the motion for leave to designate a responsible third party (Dkt. 26) should be OVERRULED.

**I. BACKGROUND**

This is a product liability case. On March 2, 2017, plaintiff Karen Taylor, a former Houston Police Department officer, filed a complaint against Taser alleging a defect in Taser's product led to her personal injuries. Dkt. 1. On July 27, 2017, Taylor filed an amended complaint. Dkt. 24. Taylor alleged that she was in a physical altercation with a suspect—Florence Walker. *Id.* During the altercation, Taylor deployed a Taser gun that was manufactured by Taser. *Id.* The parties dispute

whether the Taser gun failed to work properly. *Id.*; Dkt. 22. On July 22, 2017, Taser filed a motion to designate Florence Walker as a party who caused or contributed to Taylor's injuries in whole or in part. Dkt. 22 at 3. Officer Taylor responded, objecting to the designation of Walker as a responsible third party. Dkt. 26 at 1. Taser filed a reply and a motion for leave to exceed the reply brief's page limits. Dkt. 29. Taser's motion for leave to exceed the page limits (Dkt. 26) is GRANTED.

## II. LEGAL STANDARD

In Texas, proportionate liability applies to "any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." Tex. Civ. Prac. & Rem. Code § 33.002(a)(l). A party must seek leave to designate responsible third parties. § 33.004. The statute enables parties to designate individuals who are not subject to the court's jurisdiction, immune from suit, or unknown. § 33.004(j); *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 58 n.5 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Once a defendant has moved for leave to designate responsible third parties, a plaintiff may object. § 33.004(f).

To prevent designation, the burden is on the plaintiff to establish that "(1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant [still] failed to plead sufficient facts." § 33.004(g); *see Armstrong v. Nat'l Shipping Co. of Saudi Arabia*, 4:15-CV-868, 2017 WL 2156358, at *2 (S.D. Tex. May 17, 2017) (Ellison, J.) (applying section 33.004(g) and the Texas Rule of Civil Procedure pleading standard); *Fisher v. Halliburton*, CIV. A. H-05-1731, 2009 WL 1098457, at *2 (S.D. Tex. Apr. 23, 2009)

2

(Miller, J.) (same); *see also Tex. Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 399 (5th Cir. 2016) (acknowledging that Texas law permits parties to designate a responsible third party).

After leave has been granted to designate third parties and "[a]fter adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." § 33.004(l). In this instance, the burden is on the defendant to produce "sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id.* Additionally, before trial, the court must determine whether there is sufficient evidence to support the submission of a question to the jury regarding the designated party' responsibility. § 33.003(b). Therefore, while the pleading requirements at the outset are not stringent, as trial moves closer, the requirement for sufficient evidence to support the actual submission of a question on the responsibility of the designated third parties becomes more demanding.

### III. ANALYSIS

Taser moves for leave to designate Florence Taylor as a responsible third party under Texas's proportionate responsibility statute. Dkt. 22 (citing Tex. Civ. Prac. & Rem. Code § 33.004). Taylor objects to the designation of Walker as a responsible third party because of (1) federal preemption, (2) estoppel, (3) intervening causation, and (4) that Walker was mentally ill and lacked the *mens rea* to assault Taylor. Dkt. 26. Taser responds that Taylor's arguments are unsupported by case law and that the arguments on assault or proximate causation should be left for a jury to consider at trial. Dkt. 29-2. Taser also argues that Texas courts broadly and liberally construe the responsible third party doctrine. Dkt. 22 at 2–3.

3

Section 33.004(g)(1) of the Texas Civil Practice and Remedies Code unequivocally states that a court "shall" grant a motion for leave to designate a responsible third party unless an objecting party establishes that the defendant failed to "plead sufficient facts to satisfy the pleading requirements of the Texas Rules of Civil Procedure." § 33.004; *In re Bustamante*, 510 S.W.3d 732, 738 (Tex. App.—San Antonio 2016, no pet.) ("The use of the word 'shall' in a statute 'imposes a duty.'"). Texas follows a 'fair notice' standard for pleading. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *see also* Tex. R. Civ. P. 47(a) (stating that a pleading setting forth claims for relief must contain a short statement of the cause of action sufficient to give fair notice of the claim involved). A pleading is sufficient when "an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low*, 221 S.W.3d at 612.

Here, a review of the motion shows that Taser identified the basic issues and evidence related to the controversy. Taser alleges that on October 8, 2015, a fight ensued between Taylor and Walker. Dkt. 22 at 3. Taylor deployed her Taser gun which subdued Walker, but Walker got back up. *Id.* Taylor attempted to deploy the Taser gun again but claimed the Taser gun was ineffective. *Id.* Walker continued to fight after the Taser was deployed and caused injuries to Taylor's hand and back. *Id.* Taser argues that Walker's conduct was a proximate cause of some or all of the alleged damages in this lawsuit. *Id.* The court finds that Taser has satisfied the pleading requirements of the Texas Rules of Civil Procedure. Tex. R. Civ. P. 47(a); *Brewer v. Suzuki Motor of Am., Inc.*, CIV. A. No. 4:15-CV-00197, 2016 WL 4159754, at *3 (S.D. Tex. Aug. 3, 2016) (Harmon, J.) (holding a defendant "may liberally designate responsible third parties").

Taylor's objections, however, do not allege that Taser failed to plead sufficient facts. Dkt. 26. The court need not address Taylor's objections individually because none addresses the type of objection required under section 33.004(g). Tex. Civ. Prac. & Rem. Code § 33.004; *Bustamante*,

510 S.W.3d at 738 (granting leave to designate a responsible third party because plaintiffs did not contend that defendant failed to plead sufficient facts to satisfy the pleading requirements). Because Taylor did not allege, much less establish, that Taser failed to meet the pleading requirements, Taylor's objections to designating Walker as a responsible third party (Dkt. 26) are OVERRULED. Accordingly, Taser's motion for leave to designate a responsible third party (Dkt. 22) is GRANTED.

## IV. CONCLUSION

Taser's motion for leave to designate a responsible third party (Dkt. 22) is GRANTED and Taser's motion for leave to exceed page limits (Dkt. 29) is GRANTED. Taylor's objections to the motion for leave to designate a responsible third party (Dkt. 26) are OVERRULED.

Signed at Houston, Texas on August 16, 2017.

_____
Gray H. Miller
United States District Judge