### Page 1

```
 1            UNITED STATES DISTRICT COURT
 2         FOR THE SOUTHERN DISTRICT OF TEXAS
 3   ----------------------------    No. 4:17-cv-00673
 4   KAREN TAYLOR,
 5            Plaintiff,
 6       vs.
 7   TASER INTERNATIONAL, INC.,
 8            Defendant.
 9   ----------------------------
10
11
12              VIDEO DEPOSITION OF
13          JEFFREY HO, M.D., FACEP, FAAEM
14
15                 March 21, 2018
16
17                   9:15 a.m.
18
19                Paradigm Reporting
20     527 Marquette Avenue South, Suite 1400
21              Minneapolis, Minnesota
22
23
24
25   Reporter:  Lisa Peterson
```

### Page 2

```
 1               A P P E A R A N C E S
 2
 3   For Plaintiff:
 4   (via videoconference)
 5       VICKERY & SHEPHERD
 6       10000 Memorial Drive, Suite 750
 7       Houston, Texas 77024
 8       By:  ARNOLD ANDERSON VICKERY, ESQ.
 9            andy@justiceseekers.com
10
11   For Defendant:
12       DEUTSCH KERRIGAN
13       755 Magazine Street
14       New Orleans, Louisiana 70130
15       By:  JOHN JERRY GLAS, ESQ.
16            jerry@deutschkerrigan.com
17
18   Also present:
19       Adam Wallin, Videographer
```

### Page 3

```
                       I N D E X

EXAMINATION
Mr. Vickery  . . . . . . . . . . . . . . .   5
Mr. Glas     . . . . . . . . . . . . . . .  79

EXHIBITS
(None)
```

### Page 4

 1           VIDEOGRAPHER:  We are on the record.
 2   Here begins tape one in the deposition of Jeffrey D.
 3   Ho, M.D., in the matter of Karen Taylor versus Taser
 4   International, Incorporated.
 5           Today's date is March 21, 2018.  The
 6   time is now 9:15 a.m.  The video operator is Adam
 7   Wallin of Paradigm Digital Videography.
 8           Would Counsel please identify themselves
 9   and state whom they represent.
10           MR. VICKERY:  My name is Andy Vickery.
11   I'm from Houston, Texas, although today I'm in
12   Charlotte, North Carolina, and I represent the
13   plaintiff Karen Taylor.
14           MR. GLAS:  My name is Jerry Glas, and I
15   am here in Minneapolis, Minnesota, and I represent
16   Axon Enterprise, Incorporated, formerly known as
17   Taser International, Incorporated.
18           VIDEOGRAPHER:  The court reporter
19   today is Lisa Peterson of Paradigm Reporting &
20   Captioning.  Would the reporter please swear in the
21   witness.
22           JEFFREY HO, M.D., FACEP, FAAEM,
23              being first duly sworn,
24              testified as follows:
25                       oOo

Page 49

1  city?
2      A.   I was just getting off an airplane in
3  Arizona.
4      Q.   Were you asked to make recommendations
5  as to what should be done so this would not happen
6  again?
7      A.   Not specifically.  We were asked to
8  describe what had just occurred.  We were asked to
9  come up with reasons why we felt like it occurred
10 and the different parameters, and this was in
11 combination with talking with the engineers and
12 whatnot, and then the company made decisions based
13 off that.
14     Q.   The decision they made was to lower the
15 charge output, wasn't it?
16     A.   I think that was one of the decisions.
17 You would have to ask them specifically on that.
18     Q.   Can you tell me from what it was lowered
19 to what, in other words, how much was it lowered?
20     A.   I couldn't.  I don't know what we
21 started at.
22     Q.   Can you tell me what the charge output
23 of the X3 was once the modifications had been made?
24     A.   I believe on the spec sheet now it is
25 represented as 63 microcoulombs of average charge.

Page 50

1      Q.   That is the same wave form and same
2  charge as the X2, right?
3           MR. GLAS:  Object.  Compound question.
4  BY MR. VICKERY:
5      Q.   Is it the save wave form as the X2?
6      A.   That is what I'm under the impression
7  of, yes.
8      Q.   Is it the same charge output as the X2?
9      A.   That I believe so, yes.
10     Q.   Did you see the quote in my amended
11 complaint attributed to Rick Smith that when we are
12 looking at the question of neuromuscular
13 incapacitation, that the total delivered charge is
14 the, quote, key thing we focus on?
15     A.   I must have seen it if that document was
16 given to me, and I'm sure I saw it.
17     Q.   You agree with that, don't you?
18     A.   Not necessarily.  I don't agree with
19 that as a single isolated statement, no.
20     Q.   You don't think the charge output is the
21 single most important parameter for determining
22 neuromuscular incapacitation?
23          MR. GLAS:  Objection.  Asked and
24 answered.
25     A.   No, I don't.

Page 51

1  BY MR. VICKERY:
2      Q.   What is?
3      A.   I don't think there is a single most
4  important.  I think it's multi-factorial.
5      Q.   List the factors for me?
6      A.   Again multi-factorial meaning it can
7  have to do with things such as where on the body the
8  location of the darts are occurring, it can have to
9  do with charge being one of them which you just
10 mentioned, pulse duration is another shape of the
11 charge, the body habitus of the individual and
12 resistance that the current is meeting.
13          So again simply saying it's only one
14 thing is the most important thing I think is an
15 over-simplification.  While I won't dispute that
16 Rick Smith may have said that or did say that, I
17 don't necessarily agree with that.
18     Q.   Mark Kroll said it in a peer-reviewed
19 article more than ten years ago, didn't he?
20     A.   If you have it in front of you, you are
21 telling me that, I wouldn't disagree with you on
22 that.
23     Q.   You wouldn't disagree with Mark Kroll on
24 that, would you?
25     A.   If you are telling me he said the exact

Page 52

1  same statement in that context, yes, I would
2  disagree with you on that.  Maybe I didn't
3  understand your question.
4      Q.   I'm not trying to quote Dr. Kroll.  What
5  I'm saying is Dr. Kroll in a published article at
6  least eight years ago, I think ten, I could dig it
7  out if I had to and I will for the trial but that
8  Dr. Kroll echoed what Mr. Smith said about the key
9  focus from the standpoint of achieving neuromuscular
10 incapacitation in design and function of the weapon
11 is the output of charge?
12          MR. GLAS:  Mr. Vickery, I don't
13 understand if you are asking him to confirm Mark
14 Kroll said it or whether he today agrees that -- I'm
15 not sure what you are asking.  You keep saying the
16 same statement he said it but there's no question
17 after it.  I apologize for interrupting you.  I
18 think the witness was confused about the same
19 thing.
20 BY MR. VICKERY:
21     Q.   I'm asking if you agreed with the
22 peer-reviewed published literature by Dr. Kroll that
23 echoed Mr. Smith's comments about charge being the
24 key component in terms of achieving neuromuscular
25 incapacitation?  If Mark Kroll said that, do you

```
                                    Page 81
 1                   REPORTER CERTIFICATE

 2          BE IT KNOWN, I took the video deposition of
 3   JEFFREY HO, M.D., FACEP, FAAEM, at the time and
     place set forth herein;
 4          That I was then and there a Notary Public in
 5   and for the County of Hennepin, State of Minnesota
     and by virtue thereof I was duly authorized to
 6   administer an oath;
            That the witness before testifying was by me
 7   first duly sworn to testify to the whole truth
     relative to said cause;
 8
            That the testimony of said witness was
 9   recorded in shorthand and transcribed into
     typewriting, and that the deposition is a true
10   record of the testimony given by the witness, to the
     best of my ability;
11
            That before completion of the deposition,
12   review of the transcript was requested.  If
     requested, any changes made by the deponent (and
13   provided to the reporter) during the period allowed
     are appended hereto.
14
            That I am not related to any of the parties
15   hereto nor interested in the outcome of the action;

16          That the original transcript was charged and
17   delivered to attorney conducting the deposition for
     filing, that copies were charged at the same rate;
18
                   WITNESS MY HAND AND SEAL THIS
19                   24TH DAY OF MARCH 2018.

20

21

22         -----------------------------
                  LISA M. PETERSON
23             My commission expires 1/31/22

24

25
```