United States District Court
Southern District of Texas
**ENTERED**
June 13, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KAREN TAYLOR, §
 §
 Plaintiff, §
 §
v. § CIVIL ACTION NO. H-17-673
 §
TASER INTERNATIONAL, INC., §
 §
 Defendant. §

## **MEMORANDUM OPINION**

Pending before the court[1] is Plaintiff's Motion to Strike Designation of Responsible Third Party or, in the Alternative, Motion for Summary Judgment (Doc. 69).[2] The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **DENIES** the motion.

### **I. Case Background**

On October 8, 2015, Plaintiff answered a disturbance call at a convenience store where a woman was drinking beverages before paying for them and refused to leave upon the owner's request.[3] The woman, Florence Walker ("Walker"), was pacing outside the store

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 105, Ord. Dated May 29, 2018.

[2] Several other motions remain pending, and the court will address those motions at a later date.

[3] See Doc. 24, Pl.'s 1st Am. Compl. p. 13.

when Plaintiff arrived.[4] Plaintiff attempted to direct Walker toward Plaintiff's patrol car and to "gain control over . . . Walker without the use of any force."[5] Walker, who was suffering from a psychosis, became "suddenly violent and uncontrollable" and fought with Plaintiff.[6] Plaintiff deployed a TASER X2 Conducted Electrical Weapon ("Taser") multiple times during the altercation.[7] Walker "continued with her vicious attack on [Plaintiff,] which resulted in serious, permanent, disabling and career[-]ending injuries to her back."[8] Defendant does not dispute that Walker suffered from mental illness or that Walker's attack resulted in at least a portion of Plaintiff's alleged injuries.[9]

Plaintiff filed this action against the company that supplied the Houston Police Department with Tasers and other products and services.[10] Plaintiff asserted a claim under the Texas Deceptive Trade Practices - Consumer Protection Act ("DTPA") and common law claims of strict tort liability, negligence, and breach of

---

[4] See id. at p. 14.

[5] Id. (internal quotations marks omitted).

[6] Id.

[7] See id. pp. 14-15.

[8] Id. p. 16.

[9] See id.; Doc. 84, Def.'s Opp'n to Pl.'s Mot. to Strike Designation of Responsible 3d Party or, in the Alternative, Mot. for Partial Summ. J. p. 1.

[10] See Doc. 1, Pl.'s Orig. Compl.

2

warranty.[11] On July 25, 2017, Defendant filed a motion for leave to designate Walker as a responsible third party pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code ("Chapter 33").[12] On August 16, 2017, the court granted the motion.[13] Plaintiff filed the pending motion to strike the designation on April 20, 2018.[14]

## II. Responsible Third Party

Chapter 33, which is generally recognized as applicable in diversity actions, applies to any action based on tort or brought under the DTPA "in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." Tex. Civ. Prac. & Rem. Code § 33.002(a); see also EH Nat'l Bank v. Tran, Civil Action No. 3:16-cv-00083-M, 2016 WL 4138634, at *2 (N.D. Tex. Aug. 4, 2016)(unpublished)(quoting Hernandez v. Bumbo (Pty.) Ltd., No. 3:12-cv-1213-M, 2014 WL 924238, at *1 (N.D. Tex. Mar. 10, 2014)(unpublished), as stating that Chapter 33 is state substantive law that applies to diversity actions).

A "responsible third party" is:

[A]ny person who is alleged to have caused or contributed

---

[11] See id. pp. 6-8.

[12] See Doc. 22, Def.'s Mot. for Leave to Designate Responsible 3ᵈ Party.

[13] See Doc. 30, Mem. Op. & Ord. Dated Aug. 16, 2017.

[14] See Doc. 69, Pl.'s Mot. to Strike Designation of Responsible 3ᵈ Party or, in the Alternative, Mot. for Summ. J.

3

> to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

Tex. Civ. Prac. & Rem. Code § 33.011(6). The definition of "percentage of responsibility" refers to the percentage attributed to each plaintiff, defendant, settling person, or responsible third party with respect to causing by any of the ways described in the definition of responsible third party the personal injury, property damage, death, or other harm for which recovery of damages is sought. Tex. Civ. Prac. & Rem. Code § 33.011(4).

Neither the designation of a third party as responsible nor the finding of fault against that person imposes liability on that person. Tex. Civ. Prac. & Rem. Code § 33.004(i). Thus, "[a] defendant may liberally designate responsible third parties[,] . . . even parties who are not subject to the court's jurisdiction or who are immune from liability to the claimant." Brewer v. Suzuki Motor of Am., Inc., CIVIL ACTION NO. 4:15-CV-00197, 2016 WL 4159754, at *3 (S.D. Tex. Aug. 3, 2016)(unpublished)(quoting Fisher v. Halliburton, 667 F.3d 602, 621-22 (5th Cir. 2012)); see also In re Unitec Elevator Servs. Co., 178 S.W.3d 53, 58 n.5 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

After a motion for leave to designate a responsible third party is granted, the person named in the motion is so designated without further action by the court or any party. Tex. Civ. Prac.

4

& Rem. Code § 33.004(h).  A party may move to strike the designation after an adequate time for discovery "on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." Tex. Civ. Prac. & Rem. Code § 33.004(l).  The court is directed to grant the motion to strike "unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." Tex. Civ. Prac. & Rem. Code § 33.004(l).

If the designation survives a motion to strike, the defendant then bears the burden at trial to produce evidence that the designated person is responsible for some portion of the plaintiff's damages.  See Tex. Civ. Prac. & Rem. Code § 33.003(b). Ultimately, the trier of fact is tasked with deciding, if sufficient evidence is presented on the conduct of each designated party, the percentage of responsibility that falls to each claimant, defendant, settling person, and/or designated third party as to each cause of action asserted.  Tex. Civ. Prac. & Rem. Code § 33.003.

**III. Analysis**

Plaintiff moves to strike the designation of Walker as a responsible third party.  The burden is on Defendant to produce sufficient evidence to raise a fact issue regarding whether Walker, by conduct that violated an applicable legal standard, caused or

5

contributed to causing in any way Plaintiff's physical and other injuries for which she seeks recovery of damages. This is the only question that concerns the court at this time. If Defendant meets its legal burden at this stage, it carries that burden to trial, where it must convince a jury that Walker is responsible for all or some portion of Plaintiff's damages.

Because the harm for which damages are sought in this lawsuit includes the physical injuries that Plaintiff suffered at the hands of Walker, the applicable legal standard is civil assault. "The elements of a civil assault mirror those of a criminal assault," which is defined by the following behavior:

> (1) intentionally, knowingly, or recklessly caus[ing] bodily injury to another . . .;
> (2) intentionally or knowingly threat[ing] another with imminent bodily injury . . .; or
> (3) intentionally or knowingly caus[ing] physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Tex. Penal Code § 22.01(a); Loaisiga v. Cerda, 379 S.W.3d 248, 256 (Tex. 2012). Plaintiff's own allegations to which Defendant does not object provide sufficient evidence to raise a fact issue regarding whether Walker caused or contributed to causing Plaintiff's physical and other injuries resulting from Walker's assault. This alone meets Defendant's current burden and requires that the court deny Plaintiff's motion. Furthermore, Plaintiff's

arguments[15] in favor of striking the designation do not move the court to reach beyond the parameters of the statute for several reasons.

First, federal preemption does not apply. Federal preemption applies "when Congress so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Elam v. Kan. City S. Ry. Co., 635 F.3d 796, 803 (5th Cir. 2011)(internal quotation marks and alterations omitted). Plaintiff frames the preemption conflict as between Defendant's representations to the U.S. Patent and Trademark Office ("USPTO") "to establish novelty and non-obviousness under 35 U.S.C. §§ 102, 103, and the USPTO's approval of [the] invention as novel and non-obvious, on the one hand; and its diametrically opposed argument that the device's failure is reasonably foreseeable under Texas law, on the other."[16] Congress has preempted the area of patent law. However, nothing in this case falls within the area covered by federal patent law, regardless of any representations made during the prosecution of

---

[15] In her reply, Plaintiff conceded that Defendant raised a fact issue on intervening cause. See Doc. 98, Pl.'s Reply in Support of Mot. to Strike Designation of Responsible 3d Party or, in the Alternative, Mot. for Partial Summ. J. p. 1 n.1. The court offers no opinion as to whether "intervening cause" applies at all to the designation of Walker as a responsible third party.

[16] Doc. 98, Pl.'s Reply in Support of Mot. to Strike Designation of Responsible 3d Party or, in the Alternative, Mot. for Partial Summ. J. p. 3 n.4. (emphasis omitted).

any patent.[17]

Second, the equitable doctrine of judicial estoppel also does not apply. "Judicial estoppel is . . . applied in the court's discretion to prevent a party from asserting a position in a legal proceeding that is contrary to a position previously taken by [that party] in the same or some earlier legal proceeding. United States v. Farrar, 876 F.3d 702, 709 (5th Cir. 2017)(internal quotation marks omitted). Plaintiff states that the basis for judicial estoppel is Defendant's "successful defense of its intellectual property, as procured by . . . representations to the USPTO[] in patent infringement cases."[18] The court finds nothing in Defendant's alleged representations to be contrary to its assertion that Walker caused or contributed to causing Plaintiff's harm.

Third, regardless of Walker's mental illness, it is undisputed that Walker attacked Plaintiff, resulting in Plaintiff's physical and other injuries. As stated above, that satisfies Defendant's burden at this stage. Plaintiff asserts, without citing legal authority, that "the person committing an intentional tort must have the mental capacity to commit an intentional tort in order to

---

[17] The court also notes that foreseeability is not an element of civil assault. Although foreseeability may come into play with Plaintiff's negligence claim against Defendant, the issue is not relevant to the designation of Walker as a responsible third party.

[18] Doc. 98, Pl.'s Reply in Support of Mot. to Strike Designation of Responsible 3d Party or, in the Alternative, Mot. for Partial Summ. J. p. 3 n.4. The court notes that patent prosecutions before the USPTO are not judicial proceedings.

8

be 'responsible' under Texas law."[19] The court is not willing to read this requirement into Chapter 33, particularly when the statute itself states that the designation of a responsible third party or the finding of fault does not impose liability on that person. See Tex. Civ. Prac. & Rem. Code § 33.004(i). The jury will be free to consider all facts in apportioning damages.

In the alternative to striking the designation of responsible third party, Plaintiff asks that the court grant summary judgment that Walker is not responsible for Plaintiff's injuries but offers no argument pursuant to summary judgment standards. Federal Rule of Civil Procedure 56 allows a party to move for summary judgment on any claim or defense. Assault is not a claim in this action; Walker is not a party; and the designation of a responsible third party is neither a claim of either party nor a defense to Defendant's liability. The proper method and legal standards for challenging the designation of a responsible party are clearly outlined in Chapter 33 and discussed in the foregoing opinion.

**IV. Conclusion**

Based on the foregoing, the court **DENIES** Plaintiff's motion to strike.

**SIGNED** in Houston, Texas, this 13th day of June, 2018.

U.S. MAGISTRATE JUDGE

---

[19] Id. p. 4 n.6.

9